UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

**MUSTAFA MUSA and TREY HARDY, on behalf of themselves
and on behalf of all others similarly situated,**

    **Plaintiffs,**

v.                                      Case No. : 2:17-cv-05681-MCA-SCM

**SOS SECURITY LLC,**

    **Defendant**

_____/

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MUSTAFA MUSA and TREY HARDY, by and through their attorneys, and on behalf of themselves the Putative Class set forth below, and in the public interest, brings the following Amended Class Action Complaint as of right against Defendant, SOS SECURITY LLC. including, subsidiaries, divisions and affiliates ("Defendant" or "SOS Security"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1. Defendant is a national firm providing security related services that employs thousands of employees in the United States.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

3. The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use

a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Defendant – has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681(b)(2).

4.  Defendant willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.  Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiffs and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its applicants and employees – *in a document that consists solely of the disclosure* – that they may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id*. Defendant willfully violated this requirement by failing to provide Plaintiffs with a copy of a document that consists solely of the disclosure that it may obtain a consumer report for employment purposes, prior to obtaining a copy of their consumer report.

6.  Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiffs and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.  Based on the foregoing violations, Plaintiffs assert FCRA claims against Defendant on behalf of themselves and a class consisting of Defendant's employees, and prospective employees.

8.  In Counts One and Two, Plaintiffs assert a FCRA claim under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> All SOS Security LLC employees and job applicants in the United States who were the subject of a consumer report that was procured by

SOS Security LLC within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).

9. On behalf of themselves and the Putative Class, Plaintiffs seek statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

10. Individual and representative Plaintiff Trey Hardy ("Plaintiff Hardy") lives in Florida, was formerly employed by Defendant and is a member of the Putative Class defined below.

11. Individual and representative Plaintiff Mustafa Musa ("Plaintiff Musa") lives in Georgia, was formerly employed by Defendant in Georgia and is a member of the Putative Class defined below.

12. Defendant is a New Jersey limited liability company and user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, and venue is proper because Defendant is headquartered in this district and regularly performs services in this district.

## ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES

### *Background Checks*

14. Defendant conducts background checks on many of its job applicants as part of a standard screening process. In addition, Defendant also conduct background checks on existing employees from time-to-time during the course of their employment.

15. Defendant does not perform these background checks in-house. Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

16. Defendant procured a consumer report information on Plaintiffs in violation of the FCRA.

17. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

18. Defendant failed to satisfy these disclosure and authorization requirements.

19. Defendant did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

20. The FCRA also contains several other notice provisions, such as 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action); § 1681b(4)(B)(notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681(g) (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and §1681(m)(a) (notice of adverse action).

21. The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put

consumers on notice that a consumer report may be prepared. This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

22. Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

23. Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D. Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates § 1681b(b)(2)(a).")

24. Defendant's background purported disclosure forms required applicants and employees to waive federal and state privacy rights. For example, information from an educational institution cannot be disclosed unless consent is received from the student. *See Family Educational Rights & Privacy Act*, 20 U.S.C. § 1232(g); 34 CFR Part 99. Similarly, covered financial institutions are required to maintain the security of banking and financial information. *See Gramm-Leach Bliley Act*, 15 U.S.C. §§ 6801-6809.

25. Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, Legal Concepts Meet Technology, A 50 State Survey of Data Privacy Laws

(2011) (available at https://acsac.org/2011/workshops/gtip/p-Russo.pdf).

26. Defendant knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute. Defendant's violations were willful because Defendant knew they were required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

27. Defendant's conduct is also willful because:

   a. Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b. Defendant knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

   c. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

   d. Defendant utilized large consumer reporting agencies that provided advice and guidance with respect to FCRA compliance but Defendant elected to ignore the advice and guidance.

28. Defendant acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other Background Check class members. Defendant knew or should have known about its legal obligations under the FCRA, as evidenced by the multiple references to the FCRA in Defendants' own documents. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Defendant had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance

requirements.

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

29. Plaintiff Hardy applied for employment with Defendant as security guard in July, 2015 in Tampa, Florida.

30. Plaintiff Musa applied for employment with Defendant as a security guard in Atlanta, Georgia in December, 2015.

31. As part of the hiring process, Plaintiffs were provided and executed FCRA disclosure documents.

32. The disclosure forms did not contain a clear, stand-alone FCRA disclosure.

33. Plaintiffs were confused by the extraneous language contained in the disclosure forms. For example, Plaintiffs were confused about their rights pursuant to state and federal law.

34. Plaintiffs were distracted by the extraneous language contained in the forms, which included inapplicable information about various state laws.

35. Plaintiffs value and guard their right to privacy. Plaintiffs would not have authorized Defendant to procure a consumer reports for employment purposes if they were aware the forms were unlawful.

36. Defendants procured consumer reports on Plaintiffs. It was unlawful for Defendant to procure a consumer report on Plaintiffs without making the disclosures required by the FCRA. Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiffs and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

37. Defendant failed to satisfy the FCRA requirements pertaining to the disclosure and authorization when it procured Plaintiffs' consumer reports without making the proper

disclosures. Consequently, Plaintiffs' authorization was obtained unlawfully and was therefore invalid.

## CLASS ACTION ALLEGATIONS

38. Plaintiff asserts claims under Counts 1 and 2 of this Complaint on behalf of a Putative Background Check Class defined as follows:

> **All SOS Security LLC employees and job applicants in the United States who were the subject of a consumer report that was procured by SOS Security LLC within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

39. <u>Numerosity</u>: The members of the Putative Class are so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

40. <u>Typicality</u>: Plaintiffs' claims are typical of those of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiffs are typical of those suffered by other Putative Class members, and Defendant treated Plaintiffs consistent with other Putative Class members in accordance with its standard policies and practices.

41. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Putative Class, and have retained counsel experienced in complex class action litigation.

42. <u>Commonality</u>: Common questions of law and fact exist as to all members of

the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

   c. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

   d. Whether Defendant's violation of the FCRA was willful;

   e. The proper measure of statutory damages; and

   f. The proper form of injunctive and declaratory relief.

43. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

44. This case is also maintainable as a class action because Defendant acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

45. Class certification is also appropriate because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is

described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

46. Plaintiffs intend to send notice to all members of the Putative Class to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's records.

### FIRST CLAIM FOR RELIEF
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

47. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs 1-46.

48. In violation of the FCRA, the disclosure and consent forms Defendant required the Background Check Class to complete as a condition of its employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized. Furthermore, the background check document provided by Defendant included releases and waivers of rights afforded by state and federal statutes, which violates the FCRA.

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

49. Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which they were entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.

50. Pursuant to § 1681(b)(2), Plaintiffs were entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiffs of this information, in the form and at the time he was entitled to receive it, Defendant injured Plaintiffs and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

51. Defendant violated the FCRA by procuring consumer reports on Plaintiffs and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an informational injury.

52. Defendant's Failure to provide Plaintiffs and the Putative Class with a lawful disclosure created a risk of harm that Plaintiffs and members of the Putative Class would be

confused and distracted by the extraneous language.

### *Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy*

53. Defendant invaded Plaintiffs' right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

54. The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law. Defendant invaded Plaintiffs' privacy and intruded upon Plaintiffs' seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc*., No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

55. The forgoing violations were willful. At the time Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) Defendant knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC opinions, existed at the time of Defendant's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendant's willful conduct is also reflected by, among other things, the following facts:

    a.    Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b.    Defendant knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute;

    c.    Defendant utilized large consumer reporting agencies that provided advice and guidance with respect to FCRA compliance but Defendant elected to ignore the advice and guidance;

    d.    Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

56. Plaintiffs and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

57. Plaintiffs and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Putative Class, pray for relief as follows:

    a.    Determining that this action may proceed as a class action;

    b.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.    Issuing proper notice to the Putative Class at Defendants' expense;

    d.    Declaring that Defendant committed multiple, separate violations of the FCRA;

    e.    Declaring that Defendant acted willfully in deliberate or reckless disregard

    of Plaintiff's rights and its obligations under the FCRA;

  f. Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

  g. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

  h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**SECOND CLAIM FOR RELIEF**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

58. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs 1-46.

59. Defendant violated the FCRA by procuring consumer reports relating to Plaintiffs and other Background Check Class members without proper authorization.

60. The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of …material information' is a nullity.")

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury*

61. Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-

alone disclosure. *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414, *1 (11th Cir. July 6, 2016); *Moody v. Ascenda USA Inc.*, Case No.: 16-cv-60364 (S.D. Fla. October 5, 2015). *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016).

62. Pursuant to § 1681 (b)(b)(2), Plaintiffs were entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiffs before the consumer report was to be procured. By depriving Plaintiffs of this information, Defendant injured Plaintiffs and the putative class members they seek to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

63. Defendant violated the FCRA by procuring consumer reports on Plaintiffs and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(B)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiffs and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment.

64. Plaintiffs suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*

*Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

65. Defendant's failure to provide Plaintiffs and the Putative Class with a lawful disclosure created a risk of harm that Plaintiffs and members of the Putative Class would be confused about their rights.

66. Defendant's failure to provide Plaintiffs and the Putative Class with a lawful disclosure created a risk of harm that Plaintiffs and members of the Putative Class would be distracted by the extraneous information contained in the disclosure.

*Plaintiffs' Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy*

67. Additionally, Defendant invaded Plaintiffs' right to privacy and intruded upon their seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiffs' consumer reports contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so. Defendant invaded Plaintiffs' privacy and intruded upon Plaintiffs' seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

68. The foregoing violations were willful. At this time Defendant violated 15

U.S.C. §1681b(b)(2)(A)(ii). Defendant knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class.:

    a. Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b. Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute;

    c. Defendant utilized large consumer reporting agencies that provided advice and guidance with respect to FCRA compliance but Defendant elected to ignore their advice regarding FCRA compliance; and

    d. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

69. Plaintiffs and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

70. Plaintiffs and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Putative Class, pray for relief as follows:

    i. Determining that this action may proceed as a class action;

    j. Designating Plaintiffs as class representatives and designating Plaintiffs'

      counsel as counsel for the Putative Class;

k. Issuing proper notice to the Putative Class at Defendants' expense;

l. Declaring that Defendant committed multiple, separate violations of the FCRA;

m. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

n. Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

o. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

p. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Putative Class demand a trial by jury.

Date: <u>September 1, 2017</u>

                                    **MORGAN & MORGAN**

                                    **/s/ Andrew Frisch**
                                    Andrew Frisch, Esq.
                                    NJ. Bar No. 38452000
                                    600 North Pine Island Road, Suite 400
                                    Plantation, Florida 33324
                                    Telephone: (954) WORKERS
                                    Facsimile: (954) 327-3013
                                    AFrisch@forthepeople.com
                                    Attorneys for Plaintiff