UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

MUSTAFA MUSA AND TREY HARDY,
on behalf of themselves and on behalf of all
others similarly situated;

                    Plaintiffs,            Case No. : 2:17-cv-05681-MCA-SCM

v.

SOS SECURITY LLC,

                    Defendant.

UNOPPOSED
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the settlement agreement entered by the parties, hereby orders that:

1.    The Court has considered the proposed settlement of the claims asserted by the class of employees and job applicants, and finds that any person meeting any of the definitions below is a Member of the Settlement Class:

*Settlement Class 1:*

All employees and job applicants of SOS Security LLC ("SOS") in the United States who were the subject of a consumer report that was procured by SOS for employment purposes between August 3, 2012 and the date of this Order and who did not suffer any adverse employment action by SOS ("Class 1 Members").

*Settlement Class 2:*

All employees and job applicants of SOS in the United States who were the subject of a consumer report that was procured by SOS for employment purposes between August 3,

1

2012 and the date of this Order and who did suffer an adverse employment action by SOS ("Class 2 Members").

2. The settlement agreement entered between the parties as of January 16, 2018, appears, upon preliminary review, to be fair, reasonable and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a final approval hearing as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

    a) there are approximately 23,000 members of the Class;

    b) the claims of the class representatives are typical of those of the other members of the settlement class;

    c) there are questions of fact and law that are common to all members of the Class; and

    d) the class representatives will fairly and adequately protect the interests of the Class and has retained class counsel experienced in consumer class action litigation who have and will continue to adequately represent the Class.

4. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

5. The Court Appoints Plaintiff Mustafa Musa and Plaintiff Trey Hardy as the class representatives and Marc R. Edelman, C. Ryan Morgan and Andrew Frisch of the law firm of Morgan & Morgan, as counsel for the Class ("Class Counsel").

6.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on Sept. 12, 2018 (*at least 120 days after entry of Preliminary Approval Order*) in Courtroom 4 MLK at 2 pm. for the following purposes:

 a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

 b) To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the settlement agreement;

 c) To consider the application of Class Counsel for an award of attorneys' fees and expenses and for an individual settlement and service award to each of the class representatives; and

 d) To rule upon other such matters as the Court may deem appropriate.

7.      a) Within twenty (20) days of entry of this Order, the settlement administrator shall send the Short Form Notice post card and claim form attached to the Motion for Preliminary Approval of Class Action Settlement as Exhibit A to the last known mailing address of all identifiable members of the Class as reflected in Defendants' records. A copy of the Long Form Notice and Claim forms, attached as Exhibits B and C to the to the Motion for Preliminary Approval of Class Action Settlement, will be made available to the Classes on a website.

 b) No later than twenty (20) days before the final approval hearing, the settlement administrator will cause a declaration to be filed with the court that the notice described above was given as required herein.

8.      The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9. If a member of the Class chooses to opt-out of the Class, such member of the Class is required to submit a request for exclusion to the settlement administrator, post-marked on or before the date specified in the class notice, which shall be no later than thirty (30) days before the date of the final approval hearing or as the Court otherwise may direct. A member of the Class who submits a request for exclusion using the procedure identified above shall be excluded from the Class for any and all purposes. No later than fifteen (15) days prior to the final approval hearing, the settlement administrator shall prepare a list of all people who have timely excluded themselves from the settlement and shall provide such list to class counsel and Defendant's counsel, who will then report the names appearing on this list to the Court at or before the time of the final approval hearing.

10. A member of the Class who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any member of the Class who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the settlement administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the final approval hearing.

11. Any member of the Class who wishes to be heard orally at the final approval hearing, and/or who wishes for any objection to be considered, must file a written notice objection within sixty (60) days after the mailing of the settlement notice. The notice of objection shall be sent, to (a) class counsel, (b) Defendant's counsel, and (c) the Clerk of the Court. Such objection shall be personally signed and state the caption of this action and the name, address and telephone number of the person objecting to the settlement, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought. Any objector wishing to be heard at the final approval hearing

4

must also file a notice of intent to appear with the Clerk of the Court's office and must provide both class counsel and Defendant's counsel with copies of the notice of intent to appear.

12. No later than ten (10) days prior to the final approval hearing, class counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement.

13. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the class representative and for an award of attorneys' fees and expenses shall be filed not later than ten (10) days before the final approval hearing.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement agreement.

BY THE COURT:

4/12/18

_____
Judge Madeline Cox Arleo

5