**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| MUSTAFA MUSA AND TREY HARDY, on behalf of themselves and on behalf of all others similarly situated; <br><br>                               **Plaintiffs,** <br><br> v. <br><br> SOS SECURITY LLC, <br><br>                     **Defendant.** | Case No. :  2:17-cv-05681-MCA-SCM |

## <u>MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES</u>

Plaintiffs, Mustafa Musa and Trey Hardy, on behalf of themselves and on behalf of all others similarly situated, by and through the undersigned counsel, hereby moves this Court for an award of attorneys' fees and reimbursement of expenses pursuant to the settlement of this matter. The reasons supporting this Motion are set forth in the accompanying Memorandum of Law.

                                      **MORGAN & MORGAN, P.A.**

Andrew R. Frisch, Esq.
NJ Bar No.: 3845200
600 North Pine Island Road, Suite 400
Plantation, FL 33324
Telephone (954) WORKERS
Fax:  (954) 327-3013
<u>Afrisch@forthepeople.com</u>

Marc R. Edelman, Esq.
Fla. Bar No.: 0096342
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-577-4722
Fax: 813-257-0572
<u>MEdelman@forthepeople.com</u>
*Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY that on this 31st day of August, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to:

Keith J, Murphy, Esq.
kmurphy@grsm.com.com
GORDON & REES
SCULLY MANSUKAHANI
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Counsel for the Defendant,
SOS  Security LLC

Eric R. Thompson, Esq.
ethompson@gordonrees.com
GORDON & REES
SCULLY MANSUKAHANI
100 S.E.  Second Street, Suite 3900
Miami, FL 33131

/s/ *Marc R. Edelman*
MARC R. EDELMAN, ESQ.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| MUSTAFA MUSA AND TREY HARDY,<br> on behalf of themselves and on behalf of all<br>others similarly situated;<br><br>                       Plaintiffs,<br>v.<br><br>SOS SECURITY LLC,<br><br>                Defendant. | Case No. :  2:17-cv-05681-MCA-SCM |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**MORGAN & MORGAN, P.A.**

Andrew R. Frisch, Esq.
NJ Bar No.: 3845200
600 North Pine Island Road, Suite 400
Plantation, FL 33324
Telephone (954) WORKERS
Fax:  (954) 327-3013
Afrisch@forthepeople.com

Marc R. Edelman, Esq.
Fla. Bar No.: 0096342
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-577-4722
Fax: 813-257-0572
MEdelman@forthepeople.com
*Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ...................................................................................................... 1

II.     PROCEDURAL HISTORY......................................................................................... 2

III.    CLASS COUNSELS' FEE REQUEST SHOULD BE APPROVED AS FAIR
        AND REASONABLE ................................................................................................. 3

        A.      The Fee Requested Is Reasonable Under A Percentage Of Recovery Analysis..... 3

        B.      A Lodestar Analysis Confirms That The Fee Requested Is Reasonable ............... 9

                1.      Hourly Rates ............................................................................................ 10

                2.      Hours Expended........................................................................................ 11

        C.      This Action Was Taken On A Totally Contingent Basis..................................... 12

        D.      The Level Of Success Achieved ........................................................................ 12

        E.      Proportionality Is Not Appropriate In Assessing The Fee Request.................... 13

        F.      The Standing Of The Attorneys Involved........................................................... 13

        G.      The Absence Of Objections................................................................................ 14

IV.     CLASS COUNSEL SHOULD BE REIMBURSED THEIR EXPENSES ...................... 14

V.      CONCLUSION......................................................................................................... 14

## TABLE OF AUTHORITIES

**CASES**

*Barel v. Bank of Am.,* 255 F.R.D. 393, 403 (E.D. Pa. 2009) ..................................................... 3, 9

*Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1974) ........................................................ 4

*Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267, at *8 (E.D. Pa. May 9, 2003) ..... 16

*Boone v. City of Philadelphia*, 668 F. Supp. 2d 693, 714 (E.D. Pa. 2009) .................................. 10

*Bussie v. Allamerica Fin'l Corp.,* 1999 WL 342042 (D. Mass. May 19, 1999) ......................... 11

*Chakejian v. Equifax Info. Servs.*, 275 F.R.D. 201, 216 (E.D. Pa. 2011) ..................................... 3

*Fuller v. Avis Budget Car Rental, et. al.*, Case 2:15-cv-03856-KM-MAH (D.N.J.)(Doc. 53)..... 10

*Giddens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa.) at Dkt. No. 56 (Jan. 20, 2015) ................................................................................................................................. 13

*Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) .................................. 6

*Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va. Aug. 4, 2015) (Doc. 116) ................................................................................................................................. 10

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983) ........................................................ 11, 12

*In re Aetna, Inc. Sec. Litig.*, 2001 WL 20928 (E.D. Pa. Jan. 4, 2001) ........................................... 11

*In re AT&T Corp.,* 455 F.3d 160, 165 (3d Cir. 2006) .................................................... 6

*In re Bisys Sec. Litig.*, 2007 WL 2049726 *3 (S.D.N.Y. July 16, 2007) ...................................... 11

*In re Cendant Corp. PRIDES Litig.*, 243 F.3d 772, 734, 737 n.20 (3d Cir. 2001) ................... 4, 9

*In re Diet Drugs Product Liability Litig.*, 582 F.3d 524, 541 (3d Cir. 2009) ................................. 6

*In re Ikon Office Sols., Inc. Sec. Litig.*, 194 F.R.D. at 194 (E.D. Pa. 2000) ................................. 7, 9

*In re Merry-Go-Round Enterprises, Inc.,* 244 B.R. 327 (Bankr. D. Md. 2000) ........................... 11

*In re Prudential Insurance Co. Sales Practices*, 148 F.3d 283, 332, 338, 339, 341 (3d Cir. 1998)

................................................................................................................................ 3, 5, 6, 8

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005)................................................. 7

*In re Rite Aid Corp., Securities Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001)................ 10, 11

*In re Telik, Inc., Securities Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ...................... 11

*Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685 (N.D. Ga. 2001) ................................................ 11

*King v. General Info. Servs., Inc.*, No. 2:10-cv-06850-PBT (E.D. Pa. Nov. 4, 2014)................. 13

*Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.,* 487
    F.2d 161 (3d Cir. 1973)............................................................................................................ 14

*Oh v. AT&T Corp.*, 225 F.R.D. 142, 146 (D.N.J. 2004)................................................................ 5

*Oslan v. Law Offices of Mitchell N. Kay*, 232 F.Supp.2d 436, 444 (E.D. Pa. 2002).................... 16

*Perry v. Fleet Boston Financial Corp.*, 229 F.R.D. 105, 120-21, 123 (E.D. Pa. 2005)............. 3, 8

*Reibstein v. Rite Aid Corp.,* 761 F. Supp. 2d 241, 259-60 (E.D. Pa. 2011) ................................ 3, 4

*Robinson v. General Info. Servs., Inc.*, No. 2:11-cv-07782-PBT (E.D. Pa.) at Dkt. No. 57 (Nov. 4,
    2014).......................................................................................................................................... 13

*Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) ........................................................ 14

*Rosted v. First USA Bank*, No. 97-1482 (Doc. No. 198) (W.D. Wash. June 15, 2001) ................. 11

*Sapp v. Experian Info. Sols., Inc.,* No. CIV.A. 10-4312, 2013 WL 2130956 (E.D. Pa. May 15,
    2013)........................................................................................................................................... 13

*Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436,
    1449 (3d Cir. 1988) .................................................................................................................. 17

*Thomas v. Backgroundchecks.com*, C.A. No. 13-29 (E.D. Va. Aug. 5, 2015) (Doc. 114)............ 10

*United Auto Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 291 (3d
    Cir. 2007) .................................................................................................................................. 16

iii

*Van Vranken v. ARCO*, 901 F. Supp. 294 (N.D. Cal. 1995) ........................................................ 11

*Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir.

    1996) ....................................................................................................................... 16

**STATUTES**

15 U.S.C. § 1681b(b)(2) ............................................................................................... 12

15 U.S.C. § 1681b(b)(3) ............................................................................................... 12

15 U.S.C. § 1681n(a)(3) ............................................................................................ 3, 10

15 U.S.C. § 1681o(a)(2) ............................................................................................ 3, 10

**OTHER AUTHORITIES**

*Court Awarded Attorney Fees, Report of the Third Circuit Task Force*, 108 F.R.D. 237 (1985). 4,

    6

MANUAL FOR COMPLEX LITIGATION (THIRD), § 24.121 at 207 ................................ 7, 10

**RULES**

Federal Rule of Civil Procedure 23(h) ............................................................................ 3

## I.   <u>INTRODUCTION</u>

Plaintiffs, Mustafa Musa and Trey Hardy (the "Representative Plaintiffs"), by and through the undersigned counsel, petition this Court for approval of an award of attorneys' fees and reimbursement of litigation expenses in accordance with the Settlement Agreement in this matter, preliminarily approved by Court Order entered April 16, 2018 (Dkt. No. 42), and now pending final approval.

Class Counsel have devoted their time, skill, and resources to this matter on a contingent basis. Class Counsel took significant risks to obtain the result for the Classes. Class Counsel's efforts have resulted in a successful outcome and have benefitted the class, consisting of a total economic value of nearly $615,000 as well as significant practice changes by Defendant SOS Security LLC ("Defendant") that also have tangible economic value. Defendant has corrected the conduct that gave rise to the underlying action, namely by changing its practices for notifying consumer job applicants that it will obtain a consumer report about them for employment purposes, and its procedures for notifying applicants about the results of such reports when taking adverse action.

In addition to funds paid to the Class under the Settlement Agreement, Defendant has agreed to pay Plaintiffs' reasonable attorneys' fees, costs and out-of-pocket expenses of up to 29.5% percent of the common fund; has funded an additional $65,000 towards the costs of notice and settlement administration, separate and apart from the common fund; and, subject to court approval, has agreed to individual settlement and service awards to each of the Representative Plaintiffs in the amount of $3,000. *See* Dkt. 40-1, Settlement Agreement.

Class Counsel now, as compensation for their achievement and effort, request the Court approve the portion of the settlement providing for attorneys' fees of and costs. Specifically,

Class Counsel petition the Court to approve attorneys' fees and costs in the amount of $162,250.

As described in detail below, Class Counsels' risk clearly justify the requested award of fees and reimbursement of expenses. In support of their application approving payment for fees and reimbursement of costs and expenses, Class Counsel submits the Declaration summarizing Class Counsels' time and the expenses incurred on behalf of the Plaintiffs and Class. *See* Declaration of Marc R. Edelman, attached hereto as Exhibit "A" ("Edelman Decl.").

The reaction of the Class supports the request for fees and expenses. The Notice mailed to over 20,000 Class members clearly communicated to them that Class Counsel intended to apply for an award of attorneys' fees and costs not to exceed 29.5 percent of the common fund. No Class member objected to the requested fee.

## II.   PROCEDURAL HISTORY

On November 14, 2016, Hardy (a resident of Florida) filed a nearly identical class action claim against Defendant (the "Florida Action") in the United States District Court for the Middle District of Florida (the "Florida Court"). Defendant timely filed a Motion to Dismiss Hardy's Complaint in the Florida Action, to which Plaintiff prepared to respond. On February 14, 2017, Hardy and Defendant attended a mediation conference in the Florida Action, conducted by mediator Rodney Max, Esq. The case did not resolve at mediation. After nearly two months of additional substantial negotiations with Mr. Max serving as the intermediary, the parties reached an agreement in principal to resolve Hardy's class action claim against Defendant. Shortly following the mediator's filing of his Mediation Report, the Florida Court entered its Order dismissing the Florida Action and closing the case pursuant to the Florida Court's Local Rules. Thereafter, Class Counsel filed this class action claim against Defendant on August 3, 2017. Defendant defended the action, filing its motion to dismiss. In November, 2017 resolution was

reached.

### III.    CLASS COUNSEL'S FEE REQUEST
### SHOULD BE APPROVED AS FAIR AND REASONABLE

Federal Rule of Civil Procedure 23(h) provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The FCRA is a fee-shifting statute that mandates the award of attorney's fees and costs to a prevailing party.  15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2).

In class actions, there are typically two ways to calculate attorneys' fees – the percentage of recovery method and the lodestar method. *See In re Prudential Insurance Co. Sales Practices*, 148 F.3d 283, 332 (3d Cir. 1998). The lodestar method is commonly applied in statutory fee-shifting cases such as the FCRA. *Chakejian v. Equifax Info. Servs.*, 275 F.R.D. 201, 216 (E.D. Pa. 2011), relying on *Reibstein v. Rite Aid Corp.,* 761 F. Supp. 2d 241, 259-60 (E.D. Pa. 2011) ("[B]ecause the damages provision of the FCRA includes such a mechanism for attorneys' fees, courts evaluating attorneys' fees following settlements of FCRA actions have often employed the lodestar method."); *Barel v. Bank of Am.,* 255 F.R.D. 393, 403 (E.D. Pa. 2009); *Perry v. Fleet Boston Financial Corp.*, 229 F.R.D. 105, 120-21 (E.D. Pa. 2005). The percentage-of- recovery method is also relevant. *Reibstein*, 761 F. Supp. 2d at 259–60. Fee shifting or statutory fee cases provide for mandatory attorneys' fees, thereby penalizing the defendant and rewarding plaintiff counsel for socially beneficial litigation.

### A.    The Fee Requested Is Reasonable Under A Percentage Of Recovery Analysis

The U.S. Supreme Court has observed that "[i]n the calculation of attorney's fees under the 'common fund doctrine,' . . . a reasonable fee is based on a percentage of the value or benefit bestowed on the class." *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1974). Subsequently, the Third Circuit Task Force Report, *see Court Awarded Attorney Fees, Report of the Third Circuit Task*

*Force*, 108 F.R.D. 237 (1985) ("Task Force Report") outlined the problems with the lodestar method and recommended that courts use the percentage-of-recovery method instead of the lodestar method in common fund cases. *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 772, 734, 737 n.20 (3d Cir. 2001) (percentage-of-recovery method long used in this Circuit in common fund cases).

The percentage of recovery fee doctrine is used when a cash settlement fund has been created, and also where a defendant's change in practice or agreement to bring its conduct into compliance creates or bestows an aggregated value to the class. *Oh v. AT&T Corp.*, 225 F.R.D. 142, 146 (D.N.J. 2004).

This settlement has delivered significant value to the class. As noted in the memoranda supporting preliminary and final approval, as a result of this lawsuit, Defendant has corrected the conduct that gave rise to the claims of Plaintiffs and the Class.  Specifically, Defendant has changed its practices for notifying applicants that it will obtain a consumer report about them for employment purposes.  This relief will impact not only members of the Settlement Class, but thousands of other consumers who apply for employment and are subject consumer reports used for employment purposes.  The settlement also provides material benefits to the Class members through the *pro rata* distribution of the net settlement fund.  Defendant has further agreed to pay up to 29.5 percent of the common fund in attorney's fees and costs; $3,000 settlement and service awards to each of the Representative Plaintiffs; and pay all costs of notice and administration. Including the value of the administration expenses, the settlement has a total economic value of $615,000.  Class Counsel did not include the value of Defendant's practice changes into the economic value calculation.

The fees requested by Class Counsel equate to 26.8% percent of the total economic value

of the settlement, exclusive of the value of Defendant's practice changes.  The attorneys' fees requested are therefore reasonable when considered under a percentage of value conferred analysis.

The district court should look at ten factors when reviewing fee awards in percentage-of-recovery fee requests: (1) the amount of the value created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and, (10) any innovative terms of settlement. *In re Diet Drugs Product Liability Litig.*, 582 F.3d 524, 541 (3d Cir. 2009); *In re AT&T Corp.,* 455 F.3d 160, 165 (3d Cir. 2006) (*citing* to *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). This is not an exhaustive list; in *Prudential*, the Third Circuit noted several other factors, 148 F.3d at 338, concluding that "[w]hat is important is that the district court evaluate what class counsel actually did and how it benefited the class." *Id*. at 342. The court has also pointed out that "fee award reasonableness factors 'need not be applied in a formulaic  way' because each case is different, and in certain cases, one factor may outweigh the rest." *AT&T Corp*., 455 F.3d at 166 (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005)).

Class Counsels' requested fee is reasonable under all key factors.  First, the amount of the value created and the number of persons benefitting supports the request. While this may be a modest settlement in the world of class actions, it creates value for the Class. In fact, smaller

funds logically require a *higher* percentage fee award, due to the perception that large percentages of very large settlements lead to windfalls for attorneys. *See Prudential*, 148 F.3d at 339 (noting "inverse relationship" of large settlement to smaller percentage award); Third Circuit Task Force Report, 108 F.R.D. at 256 (recommending that percentage decrease as award increases). In this case, 3,122 Class 1 members who submitted claim forms will receive approximately $120 per claimant.  The fourteen Class 2 members who submitted claims forms will receive approximately $1,400 per claimant. Furthermore, the settlement provides financial benefits to class members whose claims are more than two years old and thus may be barred by the applicable statute of limitations.

As noted in the final approval motion, only one Class member has elected to opt out of the settlement, and no class member submitted an objection. This factor supports approval.

The third factor, counsels' skill and efficiency, supports approval. The quality of representation is measured by "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *In re Ikon Office Sols., Inc. Sec. Litig.*, 194 F.R.D. at 194 (E.D. Pa. 2000). Here, Plaintiff's counsel brought a relatively uncommon theory of class recovery that Defendant contested in both actions, during mediation and throughout negotiations of this matter.  Class Counsel was able to leverage experience in similar consumer class action litigation and in employment class action litigation to obtain a favorable outcome for the Settlement Class.  As set forth therein, counsel have been certified to represent consumer classes many times, and others, which is testament to their skill, expertise and reputation.

The fourth factor also supports approval.  The litigation was prolonged, lasting nearly two

years. Many hours of effort were expended in investigation, research, written discovery, and mediation negotiations. This case involves potentially complicated issues of liability involving newly developing areas of law, and damages which, if pursued, would involve further protracted litigation and possibly trial.

The fifth factor, risk of nonpayment, is neutral.

The sixth factor is the amount of time devoted to the case by Plaintiffs' counsel. The settlement of this case was reached approximately two years after it was filed. The hours spent on the case were devoted to investigation and drafting, briefing, written discovery, mediation, and protracted settlement discussions. If counsel had not dedicated the time and resources to the case, no result would have been obtained. The settlement negotiations, in particular, were adversarial and protracted, requiring a formal mediation session with Rodney Max, Esq., a respected mediator, ensuing negotiations with Mr. Max involving multiples proposals and counter proposals, and the exchange and revisions of numerous draft settlement documents.

As set forth in the attached Declarations, the number of hours devoted to this case by Class Counsel will total over 163 hours through its conclusion. All things considered, the numbers of hours devoted to this case are sufficient that this factor supports the requested fee award. *See* MANUAL FOR COMPLEX LITIGATION (THIRD), § 24.121 at 207 (one purpose of the percentage method of awarding fees – rather than the lodestar method, which arguably encourages lawyers to run up their billable hours – is to encourage early settlements by not penalizing efficient counsel).

When considering the seventh prong of the *Gunter* analysis, "awards in similar cases," a court looks to cases of similar size, and not necessarily similar subject matter. *See Cendant PRIDES*, 243 F.3d at 737. On both fronts, the settlement is solidly in the appropriate range. In

considering that factor as applied in very large settlements, this Court has noted that, while percentages have varied, most appear to fall in the range of 19–45 percent. *Ikon,* 194 F.R.D. at 194 (approving award of fee of 30% of net settlement fund of $108,915,874). Courts within the Third Circuit have deemed lodestar multipliers ranging from one to four as appropriate in common fund cases. *See Barel,* 255 F.R.D. at 403 (citing *Prudential*, 148 F.3d at 341 and *Perry*, 229 F.R.D. at 123).

In this case, Plaintiffs have requested attorney's fees and costs of $162,250, which is 26.8% of the settlement's total economic value. The request constitutes a very modest multiplier of approximately 1.90 of Class Counsels' lodestar, discussed in section III. B. below.

In other class action cases, Courts within this Circuit have reviewed percentage-of-recovery fee. In connection with a motion for attorney's fees, courts have found that the average attorney's fees percentage in such cases was 31.71% and that the median fee award was 33.3%. *Boone v. City of Philadelphia*, 668 F. Supp. 2d 693, 714 (E.D. Pa. 2009) (McLaughlin, J.) (citing *In re Rite Aid Corp., Securities Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001)).

Also, three relatively recent FCRA class settlements applied the percentage of recovery approach. Most recently, this Court approved an award of 33% of the settlement fund in a similar FCRA class action. *Fuller v. Avis Budget Car Rental, et. al.*, Case 2:15-cv-03856-KM-MAH (D.N.J.)(Doc. 53); *see also*, *Henderson v. Acxiom Risk Mitigation, Inc.*, C.A. No. 12-589 (E.D. Va. Aug. 4, 2015) (Doc. 116)( court approved an award of fees of 30% of the $20.8 million settlement fund, including 3.05 multiplier); *Thomas v. Backgroundchecks.com*, C.A. No. 13-29 (E.D. Va. Aug. 5, 2015) (Doc. 114)(court approved a fee of 28.9% of an $18 million settlement fund, including 3.47 multiplier). Courts frequently apply multipliers in excess of 3.0 in class

actions.[1]

Based on average and median fee percentages routinely approved in class action cases, Plaintiffs' requested percentage of 26.8% of the economic value of the settlement, equating to a 1.90 multiplier is inherently reasonable and supports the fee request.

The eighth factor, value of benefits attributable to the efforts of Class Counsel relative to the efforts of other groups, supports approval. The entirety of the value achieved for the Class was attributable to Class Counsel; no other groups, such as government agencies conducting investigations, were involved in this case.

The ninth factor, the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement, is not applicable since these cases are not typically taken on an individual basis.

The tenth and last factor, any innovative terms of the settlement, supports approval. Specifically, if the settlement is approved, significant changes to the policies and procedures utilized by Defendant in obtaining and using consumer reports for employment purposes will be required.

In summary, Plaintiff's request for an award of fees and costs calculated as a percentage of the value of the benefit achieved for the Class is undeniably reasonable under every applicable factor.

### B.  A Lodestar Analysis Confirms That The Fee Requested Is Reasonable

---

[1] *See, e.g., In re Telik, Inc., Securities Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("multipliers of over 4 are routinely awarded by courts, including this Court"); *In re Bisys Sec. Litig.*, 2007 WL 2049726 *3 (S.D.N.Y. July 16, 2007) (multiplier of 2.99 "falls well within the parameters set in this district and elsewhere")*; In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706 (E.D. Pa. 2001) (multiplier of 4.5 to 8.5 reasonable); *In re Merry-Go-Round Enterprises, Inc.*, 244 B.R. 327 (Bankr. D. Md. 2000) (multiplier of 19.6); *Bussie v. Allamerica Fin'l Corp.*, 1999 WL 342042 (D. Mass. May 19, 1999) (multiplier of 3.3 reasonable); *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685 (N.D. Ga. 2001) (multiplier between 2.5 and 4.0 reasonable); *Rosted v. First USA Bank*, No. 97-1482 (Doc. No. 198) (W.D. Wash. June 15, 2001) (multiplier of 3.0 reasonable); *In re Aetna, Inc. Sec. Litig.*, 2001 WL 20928 (E.D. Pa. Jan. 4, 2001) (multiplier of 3.6 reasonable); *Van Vranken v. ARCO*, 901 F. Supp. 294 (N.D. Cal. 1995) (multiplier of 3.6 reasonable).

Here, the claim asserted arises under the fee-shifting provisions of the FCRA. The provision for attorney fees under the FCRA is mandatory as a result of the legislation's intent to encourage attorneys to take small claims in order to serve the important public policy behind the statute. 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

Counsel faced a substantial risk of losing this matter with the prospect of receiving no compensation; they bore the burden of a delay in receiving attorneys' fees because of the contingent nature of their services; they rendered quality services and obtained an excellent result for the Class through the settlement. Further, the result obtained benefits not only the members of the settlement class but also the public at large, which is an additional significant consideration. MANUAL, at § 14.13, p. 198.

The lodestar for counsel here as described in counsel's Declaration is $81,500, reflecting 163 hours of attorney time and $6,937.35 in unreimbursed costs. *See* Edelman Decl.

1.      **Hourly Rates**

The hourly rates for the firms of Plaintiffs' counsel are well within the range of what is reasonable and appropriate in this market. *See* Edelman Decl.  There has not been any alteration or deviation from the firms' hourly rates to account for the added complexity or increased risk factor of this action compared to other consumer class actions.   The attorneys concentrate their practice in the area of consumer employment litigation. The hourly rates are within the range charged by attorneys with comparable experience levels for consumer class action litigation of a similar nature.  *See* analysis of similar fee request under FCRA in *Sapp v. Experian Info. Sols., Inc.,* No. CIV.A. 10-4312, 2013 WL 2130956 (E.D. Pa. May 15, 2013) (court approved hourly rates between $580-$700 for senior counsel); s*ee also Giddens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa.) at Dkt. No. 56 (Jan. 20, 2015) (court approved hourly rates between

$580-$700 for senior counsel); *Robinson v. General Info. Servs., Inc.*, No. 2:11-cv-07782-PBT (E.D. Pa.) at Dkt. No. 57 (Nov. 4, 2014) (court approved hourly rates between $580-$700 for senior counsel); *King v. General Info. Servs., Inc.*, No. 2:10-cv-06850-PBT (E.D. Pa. Nov. 4, 2014) at Dkt. No. 126 (court approved hourly rates between $580-$700 for senior counsel).

The history and biography of the attorneys and firms are included in the Declarations attached hereto.

      2.    **<u>Hours Expended</u>**

In support of this motion, the Plaintiffs have submitted many pages of detailed, contemporaneously entered time records specifying the date of work performed, the attorney performing the work, the nature of the work, the amount of time spent and the hourly rate charged for the tasks. *See* Edelman Decl. Exhibit "A." Included in the time records are reasonable, albeit conservative, estimates of the time expected to be spent on the case after the date of this Motion, including time answering class members' questions and supervising the work of the Settlement Administrator. This submission readily meets this Circuit's requirement of the degree of specificity required. Counsel's submission also meets the requirements for a statutory fee-shifting award. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (specificity required to extent necessary to determine if the hours claimed are unreasonable for the work performed). There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). All the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiff and the Classes, and fees should not be reduced simply because Plaintiff may not have been successful on every contention in the litigation. *Id.* at 436.

### C.  **This Action Was Taken On A Totally Contingent Basis**

Another factor for the Court to consider in awarding fees is the contingent nature of the litigation. *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161 (3d Cir. 1973). Here, the litigation was totally contingent. Class Counsel has no guarantee payment.  Concomitantly, Class Counsel fronted all expenses.

Class Counsel undertook a substantial commitment of time and money to prosecute this class action.  The Class members took none of the risks but showed handsomely in the reward.

### D.  **The Level Of Success Achieved**

Counsel obtained for the Class an excellent result.  Class members with claims under both 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3) that returned claims forms will receive significant monetary awards relative to other similar FCRA class actions.

Courts have repeatedly recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley,* 461 U.S. at 436. Given the nature of the litigation, the complicated issues involved, the risks faced, the quality of the work performed, and the rigorous defenses confronted, an award in the amount requested unquestionably represents an appropriate level of compensation for the success Class Counsel achieved. The settlement obtains a substantial benefit for the Class, represents a tangible value for all those Class members who could not otherwise retain any counsel to ensure their rights were protected, benefitted the public at large through the change in Defendant's practices and is well within the range for similar cases and provides for a recovery in an environment of serious, practical risks and/or impediments to the ultimate success of the claims. Thus, the requested fee is reasonable in relation to the benefit achieved.

### E.  Proportionality Is Not Appropriate In Assessing The Fee Request

Simply because Plaintiff prevailed on the statutory fee-shifting claim raised in the Complaint, the fee award cannot be diminished to maintain some ratio between the fee and the individual statutory damages award. *See United Auto Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 291 (3d Cir. 2007) (*citing Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996)). *See also Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267, at *8 (E.D. Pa. May 9, 2003); *Oslan v. Law Offices of Mitchell N. Kay*, 232 F.Supp.2d 436, 444 (E.D. Pa. 2002).  This is especially true where, as here, a plaintiff has achieved a future benefit for a class as well as the general public.

Under fee-shifting statutes such as the FCRA, the amount of attorney fees awarded is not required to be proportionate to the amount of damages recovered.  This motivates counsel to pursue consumer rights actions that benefit society as a whole.   The Third Circuit has held consumer rights attorneys essentially assume the role of private attorney general:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). *Perry*, 229 F.R.D. at 123 (noting importance of awarding fees in consumer protection class litigation that "addresses important consumer concerns that would likely be ignored without such class action lawsuits [and] must be encouraged").

### F.  The Standing Of The Attorneys Involved

The attorneys involved in this case have reputations in Florida and nationally for handling plaintiff-side cases. Class Counsel have described their experience and the biographies

of the firms involved submitted in support of the Motion for Preliminary Approval and this motion. *See* Edelman Decl. and Frisch Decl.

### G.  The Absence Of Objections

As indicated above, the notice disseminated to class members stated that Class Counsel would seek an award of the counsel fees and costs not in excess of 29.5 percent of the common fund, subject to Court approval. No class members objected. The lack of any serious objection is a highly significant indicator of the reasonableness of the fee request. *See Chakejian,* 275 F.R.D. at 218 (only one substantive objection from 40,000 member class); *Perry,* 229 F.R.D. at 124.

Class Counsel has worked diligently and has achieved this beneficial result through their efforts. Counsels' ability to effectively bring this case to a conclusion should be reflected in the awarding of the full fee requested.

### IV.    CLASS COUNSEL SHOULD BE REIMBURSED THEIR EXPENSES

The efforts of Class Counsel have resulted in substantial common benefits to the class. In doing so, Class Counsel incurred out-of-pocket expenses in the aggregate amount of $6,937.75 for filing, mediation, travel, and copying costs. *See* Edelman Decl. These costs are very modest and reasonable in light of the nature of the action and the tasks performed.

### V.    CONCLUSION

Under all the circumstances existing here, the request for fees and costs is more than reasonable. For all the foregoing reasons, Plaintiff requests that the Court award counsel their reasonable attorneys' fees and reimbursement of expenses in the total amount of $ 162,250.00.

**MORGAN & MORGAN, P.A.**

**/s/ *Andrew Frisch***
ANDREW FRISCH, ESQ.
NJ Bar No.: 3845200
600 North Pine Island Road, Suite 400

Plantation, FL 33324
Telephone (954) WORKERS
Fax:  (954) 327-3013
afrisch@forthepeople.com

Marc R. Edelman, Esq.
Fla. Bar No.: 0096342
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-577-4722
Fax: 813-257-0572
MEdelman@forthepeople.com
*Pro Hac Vice*

*Attorneys for Plaintiffs and the Class*